IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LATISHA M. LEQUIRE ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Civil Action No. _____ |
| ) | |
| CAVALRY PORTFOLIO SERVICES, ) | **Jury Trial Demanded** |
| LLC, CAVALRY SPV I, LLC, and ) | |
| LOUIS DARDIGNAC. ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Latisha M. Lequire (hereinafter "Plaintiff") is a natural person who resides in Blount County, Tennessee, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Cavalry Portfolio Services, LLC (hereinafter "Cavalry Portfolio") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Delaware, that maintains CT Corporation System, 111 Eighth Ave., New York, NY 10011 as its registered agent for service of process.

6. Defendant Cavalry SPV I, LLC (hereinafter "Calvary SPV") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Delaware, that is a wholly owned subsidiary of Defendant Cavalry Portfolio, who does not list a registered agent and thus can be served at its headquarters, Office of the General Counsel, 500 Summit Lake Dr., Valhalla, NY 10595.

7. Defendant Louis Dardignac (hereinafter "Dardignac") is a natural person who is an employee and/or agent of Defendant Cavalry SPV, and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at his business address of 500 Summit Lake Dr., Valhalla, NY 10595, or his home address.

## FACTUAL ALLEGATIONS

8. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an outstanding balance on a loan or credit card allegedly originally owed to, or serviced by, Bank of America/ FIA Card Services, N.A. (hereinafter "BoA").

9. After default, Plaintiff's debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

10. Defendants Cavalry Portfolio and Cavalry SPV (hereinafter "the Cavalry Defendants")

are engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

11. When purchasing charged-off consumer debts, the Cavalry Defendants make an intentional business decision not to obtain competent evidence that would allow them: (1) to determine if the consumer actually owes the debt, and (2) to correctly calculate the amount of debt owed; prior to collection of the debt.

12. One of the Cavalry Defendants' main avenues of collecting charged-off consumer debts is the implementation of a state court litigation model in which Defendant Cavalry SPV's agents sign the affidavits filed with the lawsuits.

13. The only evidence attached as exhibits to the lawsuits are a statement of account and the affidavits signed by the agents of Defendant Cavalry SPV without personal knowledge if the consumer incurred the debt, how the debt was incurred, or how the amount owed was determined.

14. Each affidavit is a "communication" as defined by 15 U.S.C. § 1692a(2), and is not a formal pleading made in connection with a legal action.

15. The affidavits signed by the agents of Defendant Cavalry SPV, under penalty of perjury, allege amounts owed that are based solely on hearsay in the form of electronic data which has been allegedly transferred from the original creditor or an assignee of the original creditor.

16. Defendant Cavalry SPV does not request additional evidence from the original creditor prior to filing the collection lawsuit, and file the lawsuits, knowing that they do not possess competent evidence and do not intend to obtain it, if challenged by a consumer.

17. Although the "business records" exception to the hearsay rule has been clearly defined in

Tennessee for years, the Tennessee Court of Appeals recently determined what evidence is required to prove the alleged debts under this specific hearsay exception in the context of a debt buyer case.[1]

18. The litigation model followed by Defendant Cavalry SPV relies exclusively on hearsay (sometimes double and triple) and the collection lawsuits are filed: (1) after making intentional business decisions that, if challenged by a consumer, they will not obtain competent evidence of the alleged debt, including the contract on which Defendant Cavalry SPV allegedly relied to file the collection lawsuit, (2) prior to reasonably and adequately investigating whether a consumer owes the amount of debt they are attempting to collect, or owes the debt at all, (3) intentionally using Sworn Affidavits that knowingly contain false, deceptive, and misleading statements made by persons who do not possess personal knowledge of the terms of the contract on which Defendant Cavalry SPV allegedly relied to file the collection lawsuit and that is necessary to make a Sworn Affidavit as to the correctness of the amount owed, and (4) with the improper motive of obtaining default judgments against 95% or more of the consumers, who are intimidated by the allegations in the Sworn Affidavits because they are made in the course of

---

[1] (1) "'[E]very link in the chain between the party to which the debt was originally owed and the party trying to collect the debt must be proven by competent evidence in order to demonstrate standing'", *See, Cavalry SPV Funding, LLC v. Mastaw*, M2012-00990-COA-R3-CV, at p. 7 (Tenn. Ct. App. Apr. 30, 2012) (citing *Cavalry SPV, LLC v. Askew*, 358 S.W.3d 58, 62 (Mo. 2012) (citing *Midwestern Health Mgmt., Inc. v. Walker*, 208 S.W.3d 295, 298 (Mo. App. 2006)), and "'the Plaintiff must demonstrate . . . that it is the valid assignee of an existing debt' and that the record was made in the regular course of business". *Mastaw* at 7, *citing, Cuda & Assoc., LLC v. Lumpkin*, 2011 WL 6413674, at *1, 2; (Conn. Super. Ct. Nov. 29, 2011) (internal citations omitted), (2) The production of business records that "properly fit within Rule 803(6), the business records exception to the hearsay rule". *Id.* at 11, and (3) The business records must be introduced by a "witness with 'personal knowledge of the business's record-keeping methods and can explain same to the court'". *Id.* at 12, fn. 13 (*citing, Beal Bank S.S.B.*

litigation and under penalty of perjury; all in order to increase Defendant's respective financial bottom line (hereinafter referred to as the "litigation model").

19. Defendant Cavalry SPV followed their litigation model while attempting to collect the alleged debt from Plaintiff.

20. In a large majority of the cases, debt buyers, such as Defendant Cavalry SPV, obtain a default judgment and the sufficiency of the debt buyer's Sworn Affidavits is never challenged.

21. In those few instances where a consumer has the means and ability to defend the collection lawsuit, debt buyers, such as Defendant Cavalry SPV, will dismiss the case rather than risk having their systemic fraud on the court exposed.

### *False, Deceptive, Misleading, and Unfair Communications*

### *April 16, 2012 Collection Lawsuit*

22. On or about April 16, 2012, Defendant Cavalry SPV filed a Civil Summons and Sworn Affidavit against Plaintiff in state court (collectively the "collection lawsuit"). A copy of the April 16, 2012 collection letter is filed as **Exhibit 1** to this Complaint.

23. The Civil Summons and Sworn Affidavit were served on Plaintiff in connection with collection of a debt and in an attempt to collect a debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

### *Use of Civil Summons That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Alleged Debt*

24. The Civil Summons stated that Defendants Cavalry SPV was seeking to collect: "$12,616.55 together with interest and attorney's fees, if applicable, as evidenced by the

---

*v. RBM Co*., 2002 WL 43604, at *2) (Tenn. Ct. App. Jan. 11, 2002) (citing *Alexander*, 903 S.W.2d at 700)).

Sworn Account or Affidavit attached hereto . . ." *See Exh. 1, p. 1.*

25. The Sworn Affidavit was dated January 25, 2012 and stated that "As of 1/25/2012, the balance due and owing by the account holder(s) on the account was $20,626.97, which balance is comprised of $12,616.55 of principal balance and $8,010.42 + $0 +$0 of others charges The principal balance continues to accrue interest as of the 1/25/2012 at a rate of 16.99%. (sic) *See Exh. 1, p. 1.*

26. By following their litigation model, Defendants made conflicting and confusing statements as to the amount owed in the Sworn Affidavit and Civil Summons, with the Sworn Affidavit seeking to collect an additional $8,010.42 in unspecified other charges, resulting in at least one of the Defendants (a) making a false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10), (b) making a false representation of the compensation which may be legally received by any debt collector for the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(B), and 1692e(10), and (c) using unfair or unconscionable means to collect or attempt to collect the alleged debt by stating that Defendant Cavalry SPV was entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

27. On or about April 6, 2012, Plaintiff filed a sworn denial in the collection lawsuit. Copy of sworn denial filed as **Exhibit 2** to this Complaint.

28. Despite several requests and continuances, the Calvary Defendants were unable to produce and evidence or documentation to verify the allegations in the Sworn Affidavit and/or Civil Summons.

29. On or about September 17, 2012, the General Sessions Court Judge dismissed the collection lawsuit without predjudice.

30. In following their litigation model, Defendant Cavalry SPV did not obtain and/or review records of the originator of the debt to determine if the contract on which Defendant Cavalry SPV allegedly relied to file the collection lawsuit existed and, if so, whether the amount Plaintiff allegedly owed was correct.

31. Without records of the originator of the debt available for Defendants to review prior to filing and serving the Civil Summons and Sworn Affidavit, and without being able to correctly calculate the amount owed by Plaintiff based on the terms of the contract on which the Defendant Cavalry SPV allegedly relied to file the collection lawsuit, Defendant Cavalry SPV used false, deceptive, and misleading representations or means in connection with collection of the debt by stating in the Civil Summons that Defendant Cavalry SPV was entitled to an amount not expressly authorized by the agreement creating the debt, Defendant Cavalry SPV falsely represented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. § 1692e(2)(B), both of which was the use of false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

32. By failing to acquire or review the contract on which the Defendant Cavalry SPV allegedly relied to file the collection lawsuit against Plaintiff resulted in the Defendants

stating in the Civil Warrant and Sworn Affidavit greatly different amounts to which Defendant Cavalry SPV was entitled, and was the use of false, deceptive and misleading representations or means in connection with collection of the debt that would be confusing to the least sophisticated consumer as to how much was allegedly owed, and a threat to any action that cannot legally be taken by attempting to collect an amount not expressly authorized by the agreement creating the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

33. By filing the Civil Summons which contained knowingly false, deceptive, and misleading representations in connection with collection of the debt while unreasonably relying on BoA or an assignee of BoA as to the amount of debt allegedly owed by Plaintiff, without knowledge of whether a contract on which Defendant Cavalry SPV allegedly relied to file the collection lawsuit existed, or what language it included regarding contract interest, Defendant Cavalry SPV communicated credit information to the State court, the general public, and the Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

34. The collection lawsuit filed against Plaintiff was based solely on a sworn account, which claim was defective because it was knowingly based on false, deceptive, and misleading statements in the Sworn Affidavit filed with the Civil Summons intended to deceive the state court and Plaintiff about the knowledge and information that Defendants had about the ownership and correct amount of the alleged debt.

35. Without the contract on which Defendant Cavalry SPV allegedly relied to file the collection lawsuit, Defendant Cavalry SPV may not recover attorney's fees or contract rate of interest on the underlying debt. *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98

8
Case 3:12-cv-00575-TWP-CCS   Document 1   Filed 11/02/12   Page 8 of 16   PageID #: 8

(Tenn. Ct. App. 2008) (perm. app. den. Sup. Ct., December 15, 2008)).

### *Use of Sworn Affidavit That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Alleged Debt*

36. An affidavit filed in support of a Civil Summons on a sworn account in Tennessee is filed to attest to the correctness of the amount owed. ***See, Tenn. Code Ann. § 24-5-107(a).***

37. Defendant Dardignac, who authored the Sworn Affidavit dated January 25, 2012 that was filed in support of the Civil Summons, swore under oath in the Affidavit that the following statements are true and correct:

    (1) He is a "Legal Administrator" for Defendant Cavalry Portfolio.

    (2) "In the normal course of business, Cavalry Portfolio Services, LLC maintains computerized account records for account holders."

    (3) "Cavalry Portfolio Services, LLC maintains such records in the ordinary and routine course of business and is charged with the duty to accurately record any business act, condition or event onto the computer record maintained for the accounts, with the entries made at or very near the time of any such occurrence."

    (4) "I have reviewed the applicable computer record as it relates to the Account, and I make this Affidavit based upon information from that review, and if called as a witness, I could testify to the matters set forth herein based on that review."

    ***See, Exh. 1, p. 2.***

38. Prior to signing the Affidavit, Defendant Dardignac did not review records of the originator of the debt to determine if the contract on which Defendant Cavalry SPV allegedly relied to file the collection lawsuit existed and, if so, whether the amount Plaintiff allegedly owed was correct, and did not review records of the alleged assignment of the alleged debt from BoA or an assignee of BoA to Defendant Cavalry

SPV, because Defendant Cavalry SPV followed their litigation model and did not obtain records of the originator of the debt that would have allowed Defendant Dardignac to do so.

39. Without records of the originator of the debt available for Defendant Dardignac to review prior to signing the Sworn Affidavit, and without Defendant Dardignac being able to correctly calculate the amount owed by Plaintiff based on the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, as required by Tennessee state law for a sworn account, it was not possible for Defendant Dardignac to have the personal knowledge required to truthfully make a Sworn Affidavit as to the correctness of the amount owed, if any, by Plaintiff.

40. By stating in his Sworn Affidavit that: (1) the alleged debt is due and payable from Plaintiff to Defendant Cavalry SPV, (2) and the amount due on said account is $20,626.97, without reviewing records of the originator of the debt or of the alleged assignment of the alleged debt to Defendant Cavalry SPV, Defendant Dardignac falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B), communicated a threat to take any action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5), communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8), all of which was the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and used unfair or

unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f, including, but not limited to and attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

41. Form affidavits, such as the one filed in the lawsuit against Plaintiff, are generated automatically by a computer owned by Defendant Cavalry SPV or its agents upon request and routinely provided to Defendant Dardignac and other agents of Defendant Cavalry SPV who engage in robo-signing hundreds, if not thousands, of affidavits each day without the personal knowledge required to make a Sworn Affidavit as to the correctness of the amount owed, within the requirements of Tennessee state law.

42. The intentional use by Defendants of the form affidavit in Plaintiff's collection lawsuit, which contains representations that are obviously false, deceptive, and misleading, and in violation of state law, is the use of false, deceptive, and misleading representations or means in connection with collection of the debt to collect, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair and unconscionable means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

43. Defendant Cavalry SPV intentionally uses the form affidavits in the collection lawsuits filed against Tennessee consumers that contain language which alleges facts not in possession of Defendant Cavalry SPV and to which their agents are not qualified to sign under oath due to their lack of personal knowledge about the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit.

44. Defendant Cavalry SPV filed the collection lawsuit against Plaintiff in an attempt to collect the debt knowingly using Defendant Dardignac's Sworn Affidavit as the only

evidentiary basis to support their claims.

45. Defendant Dardignac's demands in the Sworn Affidavit for the amount of $20,626.97, without personal knowledge of the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, or what language it included regarding interest and fees, were false, deceptive and misleading misrepresentations made without the personal knowledge required to make a Sworn Affidavit as to the correctness of the amount owed, if any, by Plaintiff, as required by Tennessee law, and falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B), and the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

46. By filing the collection lawsuit against Plaintiff with the use of their litigation model: Defendants violated 15 U.S.C. § 1692e(5) by threatening to collect the alleged debt with use of a knowingly false, deceptive, and misleading affidavit, and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representations or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is the use of false, deceptive, and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendant Cavalry SPV had the legal right to attempt to collect the debt with the use of a knowingly false,

deceptive, and misleading Sworn Affidavit, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

47. By using false, deceptive, and misleading representations or means in connection with collection of the debt by filing a Sworn Affidavit that included the knowingly false, deceptive, and misleading statements, including the amount owed of $20,626.97, Defendant Cavalry SPV and its agents communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

*Collection Service Licensing*

48. "'Collection service' means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills or other forms of indebtedness **irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity.**" Tenn. Code Ann. § 62-20-102(3). (emphasis added)

49. By engaging in the above-described collection activity, the Cavalry Defendants are a "collection service" as defined by Tennessee state law.

50. "No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [collection service] board under this chapter or prior state law." Tenn. Code Ann. § 62-20-105(a).

51. As of the date of this complaint, neither of the Cavalry Defendants had been issued a valid collection service license necessary to legally collect debts in Tennessee.

52. The Tennessee Collection Act provides an exemption from its licensing requirements for attorneys at law. *See* Tenn. Code. Ann. § 62-20-103(a)(2).

53. By attempting to collect the debt from Plaintiff at a time when neither of the Cavalry Defendants were licensed as a collection service by the Tennessee Collection Service Board, the Cavalry Defendants violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

*Summary*

The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions.

*Respondeat Superior Liability*

54. In addition to their individual liability under the FDCPA, the acts and omissions of Defendants Dardignac and Cavalry SPV as agents of Cavalry Portfolio and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principals, Cavalry Portfolio.

55. By committing these acts and omissions against Plaintiff, Defendants Dardignac and Cavalry SPV were motivated to benefit their principal, Cavalry Portfolio.

56. Cavalry Portfolio is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents of Cavalry Portfolio including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

**TRIAL BY JURY**

57. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

58. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

59. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

60. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

11/2/12                                        Respectfully submitted,

**LATISHA LEQUIRE**


/s/      Brent S. Snyder
Brent S. Snyder  BPR # 21700
Attorney for Plaintiff
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
Brentsnyder77@gmail.com